IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | Criminal No. 1:10-cr-283 |
| | ) | |
| v. | ) | Honorable T.S. Ellis, III |
| | ) | |
| MARK R. DAIN, | ) | Sentencing Hearing: October 4, 2013 |
| | ) | |
| Defendant. | ) | |

## AMENDED POSITION OF THE UNITED STATES WITH RESPECT TO SENTENCING

The United States of America, through its attorneys, Dana J. Boente, Acting United States Attorney, and Mark D. Lytle, Assistant United States Attorney, in accord with 18 U.S.C. § 3553(a) and the United States Sentencing Commission, Guidelines Manual ("Guidelines"), § 6A1.2, files this Amended Position of the United States With Respect to Sentencing of Mark R. Dain ("Dain" or "defendant").[1]

The Probation Office has calculated defendant Dain's Sentencing Guidelines to include a total offense level of 29 – after an acceptance of responsibility reduction[2] – and the defendant's criminal history is category I, which results in a guidelines range of 87 to 108 months. However, the government is not seeking an enhancement of defendant Dain's sentencing guidelines for his role in the offense pursuant to U.S.S.G. § 3B1.1. Accordingly, the

---

[1] The government submits this Amended Position of the United States with Respect to Sentencing in order to reflect its agreement that it would not seek an enhancement of Defendant Dain's sentence based on his role in the offense pursuant to U.S.S.G. §3B1.1. Accordingly, the government has adjusted its original pleading to reflect this position.

[2] The offense level is greater than 16 and the defendant has assisted authorities in the investigation or prosecution of his own misconduct by timely notifying the government of his intention to enter a plea of guilty, thereby permitting the government to avoid preparing for trial and permitting the government and the Court to allocate resources efficiently. Pursuant to § 3E1.1(b) of the Guidelines, the United States hereby moves this Court to reduce the offense level by one additional level.

government suggests that defendant Dain's sentencing guidelines should be calculated at a total offense level of 26, which results in a sentencing guidelines range of 63 to 78 months.  For the reasons set forth in this memorandum and an under seal submission simultaneously being made herewith, the United States requests that this Court impose a sentence of imprisonment for 18 months, with credit for time served since the date of the defendant's incarceration in July 2013.

## BACKGROUND

On July 11, 2013, the defendant waived indictment and entered a plea of guilty to a one-count criminal information that charged him with conspiracy to commit bank fraud, in violation of Title 18, United States Code, Section 1349.

From 2006 through 2008, defendant Dain was employed by, and part owner of, Total Realty Management, L.L.C. ("TRM"), a Virginia Limited Liability company based in Woodbridge, Virginia, which focused on the marketing of undeveloped, sub-divided lots located in North Carolina and South Carolina.  TRM marketed these lots to many purchasers located in northern Virginia and assisted those prospective purchasers in their efforts to obtain financing from various federally-insured financial institutions.  Employees of TRM routinely falsified the loan applications of prospective lot purchasers who did not otherwise qualify for financing from such financial institutions, including, but not limited to, Bank of America, SunTrust Bank, BB&T, and Carolina First.  The means by which the referenced loan applications were falsified included, among other things, the inflating of gross monthly income levels, the value and/or the existence of real estate owned by the applicant, and the value of the liquid assets held by the loan applicant. The falsified loan applications prepared at TRM also included the falsifying of the employment titles and positions of the loan applicants.  Defendant Dain was aware of the fraudulent practices being committed by TRM employees and promoted and directed such fraudulent practices on

many occasions. Defendant Dain was also aware of the practice by some TRM employees of temporarily forwarding funds to a prospective purchaser's bank account so that a verifying financial institution would discover a higher balance in the financial account of the loan applicant. In the instances where this occurred, once the financing was approved by the lending institutions, the applicant then returned the money to the employees of TRM.

Based upon approval of the falsified loan applications for the purchases of the lots more fully described in Defendant Dain's Statement of Facts, federally insured financial institutions suffered losses in the following amounts:

| **Financial Institution** | **Amount** |
|---|---|
| Bank of America | $1,749,600.00 |
| BB&T | $ 180,000.00 |
| Carolina First | $1,926,900.00 |
| SunTrust Bank | $3,265,550.00 |
| **Total Loss** | **$7,122,050.00**[3] |

---

[3] As part of his plea agreement with the government, the defendant has agreed to the entry of a restitution order for the full payment of the victim banks' losses. *See* ¶9, Plea Agreement.

## ARGUMENT

As this Court is well aware, following the Supreme Court's decision in *United States v. Booker*, the Sentencing Guidelines are now advisory. *United States v. Booker*, 543 U.S. 220, 261 (2005). As such, "[i]n the wake of *Booker* . . . the discretion of the sentencing court is no longer bound by the range prescribed by the guidelines." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). The Supreme Court subsequently clarified that this means that the sentencing court "may not presume that the Guidelines range is reasonable." *Nelson v. United States*, ---U.S.---, 129 S.Ct. 890, 892 (2009). Nevertheless, "a district court shall first calculate (after making the appropriate findings of fact) the range prescribed by the guidelines. Then, the court shall consider that range as well as other relevant factors set forth in the guidelines and those factors set forth in [18 U.S.C.] § 3553(a) before imposing the sentence." *United States v. Hughes*, 401 F.3d 540, 546 (4th Cir. 2005). Thus, "sentencing courts are not left with unguided and unbounded sentencing discretion." *United States v. Green*, 436 F.3d 449, 455 (4th Cir. 2006).

### AN 18 MONTH SENTENCE OF INCARCERATION WOULD SERVE THE FACTORS SET FORTH IN § 3553(A)

After calculating the appropriate guidelines range, "the court must determine whether a sentence within that range . . . serves the factors set forth in §3553(a) and, if not, select a sentence [within statutory limits] that does serve those factors." *United States v. Moreland*, 437 F.3d 424, 432 (4th Cir. 2006). Section 3553(a) states that a sentencing court should consider the nature and circumstances of the offense and characteristics of the defendant. In addition, it states that the Court should take into account the need for the sentence "to reflect the seriousness of the offense, to promote respect for law, [] to provide just punishment for the offense[, and] to afford adequate deterrence to criminal conduct." 18 U.S.C. § 3553(a)(2)(A) & (B). The sentence also should be

fashioned in light of the need to protect the public from further crimes of the defendant and to provide the defendant with needed correctional treatment.   18 U.S.C. § 3553(a)(2)(C) & (D).

The United States submits that an 18 month sentence of imprisonment is appropriate in this case in light of the Section 3553(a) factors, and for the reasons contained in the government's under seal submission which is being filed simultaneously with this sentencing position.[4][5]   Defendant Dain engaged in a serious crime.   He falsified and aided in falsifying the loan applications of the purchasers of at least 22 different properties, resulting in a loss to the lending banks of $7,122,050.00.   As detailed in the defendant's statement of facts, defendant Dain has acknowledged that he "was aware of the fraudulent practices being committed by [TRM] employees and promoted and directed such fraudulent practices on many occasions."   Docket Entry No. 7, Par. 3.   Under these circumstances, and for the reasons additionally provided by the government, a sentence of 18 months of incarceration is reasonable given the nature and circumstances surrounding the defendant's offense, and such a sentence would provide just punishment for the defendant's conduct.

---

[4]   Other defendants involved in TRM's fraudulent operations have also been sentenced to terms of prison. Cari V. Deuterman received a sentence of 24 months of imprisonment on December 17, 2010 (Case No. 1:10-cr-246, Hon. James C. Cacheris, presiding.).   Michael J. McCracken received a sentence of 40 months for his involvement in the TRM fraud scheme.   (Case No. 1:11-cr-134, Hon. T.S. Ellis, III, presiding).   Finally, Christopher E. Tonkinson received a sentence of 24 months of incarceration for his role at TRM. (Case No. 1:10-cr-361, Hon. Claude M. Hilton, presiding).

[5]   Other defendants were convicted in a similar fraudulent operation that was a spin off from the TRM scheme which mirrored TRM's fraudulent conduct with regard to submitting false loan applications in furtherance of purchases of the same vacant, sub-divided lots located in North Carolina and South Carolina.   Those defendants included the following individuals:   Aaron V. Hernandez received a sentence of 63 months of imprisonment on November 17, 2010. (Case No. 1:10-cr-175, Hon. Clause M. Hilton, presiding).   On June 20, 2013, Hernandez' sentence was reduced from 63 months to 40 months. Id.   On January 18, 2011, Thomas E. Evans was sentenced to a term of imprisonment of 12 months and one day.   (Case No. 1:10-cr-382, Hon. Claude M. Hilton).   On July 26, 2011, Darryl James Basse was sentenced to a term of imprisonment of 12 months and one day.   Criminal No. 1:11-cr-190, Hon. Liam O'Grady, presiding).   On April 13, 2012, Peter B. Neathery was sentenced to a term of imprisonment of 34 months.   (Criminal No. 1:11-cr-445, Hon. T.S. Ellis, presiding).

Furthermore, the proposed sentence would promote respect for the law and serve the purpose of deterrence. In particular, the recommended sentence of imprisonment will deter the defendant and others from committing this or similar crimes in the future, and it will also help to produce significant general deterrence. Reports of mortgage fraud are of considerable public interest given the precipitous fall of housing prices in 2007 and 2008 and the financial crisis that erupted, at least in part, from such misconduct. A sentence by this Court of 18 months of imprisonment will signal to real estate professionals, lending officials, and the public at large, that the United States takes violations of these laws seriously and that offenders will suffer appreciable consequences, thereby promoting respect for the law and deterring others from engaging in similar criminal behavior. The United States submits that the proposed sentence appropriately accounts for these facts as well as those referenced in its separate under seal submission filed herewith.

## **CONCLUSION**

For the foregoing reasons, considering the criteria established in 18 U.S.C. § 3553(a), the recommendations contained in the Presentence Report, and the facts referenced in the United States' separate under seal submission, the government respectfully requests that the Court adopt a sentence that includes 18 months of imprisonment as well as an appropriate order of restitution.

Respectfully Submitted,

Dana J. Boente
Acting United States Attorney

By:       /s/
Mark D. Lytle
Assistant United States Attorney
Counsel for the United States
2100 Jamieson Avenue
Alexandria, Virginia 22314
703-299-3700 (phone)
703-299-3981 (fax)
mark.lytle@usdoj.gov

**CERTIFICATE OF SERVICE**

      I hereby certify that on October 1, 2013, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Michael T. Pritchard
Hogan & Pritchard, PLLC
11350 Random Hills Road, Suite 800
Fairfax, VA 22030

(703) 352-7034

                                            /s/
                                  Mark D. Lytle
                                  Assistant United States Attorney
                                  United States Attorney's Office
                                  2100 Jamieson Avenue
                                  Alexandria, VA 22314
                                  Phone:       703-299-3700
                                  Fax:          703-299-3981
                                  Mark.Lytle@usdoj.gov